22-1184-cv et al.
Y.G. v. N.Y.C. Dep't of Educ., et al.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-five.

PRESENT:  GUIDO CALABRESI,
            RAYMOND J. LOHIER, JR.,
                *Circuit Judges*,
            KENNETH M. KARAS,
                *District Judge.*[*]

---

Y.G., INDIVIDUALLY AND ON
BEHALF OF C.T., A CHILD WITH A
DISABILITY,

    *Plaintiff-Appellee-Cross-Appellant*,

    v.                                                                No. 22-1184-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

    *Defendant-Appellant-Cross-Appellee*.

---

[*] Judge Kenneth M. Karas, of the United States District Court for the Southern District of New York, sitting by designation.

K.O., INDIVIDUALLY AND ON
BEHALF OF I.E., A CHILD WITH A
DISABILITY,

   *Plaintiff-Appellant,*

  v.            No. 22-1312-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

   *Defendant-Appellee.*

-----------------------------------------------------------------

Y.S., INDIVIDUALLY AND ON
BEHALF OF Y.F. AND S.F.,
CHILDREN WITH DISABILITIES,

   *Plaintiff-Appellant-Cross-Appellee,*

  v.            No. 22-1914-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

   *Defendant-Appellee-Cross-Appellant.*

-----------------------------------------------------------------

M.M., INDIVIDUALLY AND ON
BEHALF OF B.M., A CHILD WITH
A DISABILITY,

   *Plaintiff-Appellant,*

  v.            No. 22-1915-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

   *Defendant-Appellee.*

-----------------------------------------------------------------

2

T.A., INDIVIDUALLY AND ON
BEHALF OF M.H., A CHILD WITH
A DISABILITY,

        *Plaintiff-Appellant,*

    v.                                   No. 22-1917-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

------------------------------------------------------------------

B.C., INDIVIDUALLY AND ON
BEHALF OF C.C., A CHILD WITH A
DISABILITY,

        *Plaintiff-Appellant,*

    v.                                   No. 22-1918-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

------------------------------------------------------------------

F.N., INDIVIDUALLY AND ON
BEHALF OF I.N., A CHILD WITH A
DISABILITY,

        *Plaintiff-Appellant,*

    v.                                   No. 22-1948-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

------------------------------------------------------------------

3

M.R., INDIVIDUALLY AND ON
BEHALF OF J.R., A CHILD WITH A
DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 22-2449-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

--------------------------------------------------------------------

K.E., INDIVIDUALLY AND ON
BEHALF OF M.L., A CHILD WITH
A DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 22-2454-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

--------------------------------------------------------------------

Y.S., INDIVIDUALLY AND ON
BEHALF OF D.F., A CHILD WITH A
DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 22-2623-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

--------------------------------------------------------------------

N.A., INDIVIDUALLY AND ON
BEHALF OF M.A., A CHILD WITH
A DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 23-9-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

------------------------------------------------------------------

T.H., INDIVIDUALLY AND ON
BEHALF OF M.H., A CHILD WITH
A DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 23-10-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

------------------------------------------------------------------

J.P., INDIVIDUALLY AND ON
BEHALF OF J.J., A CHILD WITH A
DISABILITY,

       *Plaintiff-Appellant,*

    v.                                 No. 23-548-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

       *Defendant-Appellee.*

------------------------------------------------------------------

5

V.W., INDIVIDUALLY AND ON
BEHALF OF A.H., A CHILD WITH
A DISABILITY,

        *Plaintiff-Appellant,*

    v.                            No. 23-623-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

-------------------------------------------------------------------

N.L., INDIVIDUALLY AND ON
BEHALF OF M.C., A CHILD WITH
A DISABILITY,

        *Plaintiff-Appellant,*

    v.                            No. 23-627-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

-------------------------------------------------------------------

N.G.B., INDIVIDUALLY AND ON
BEHALF OF J.B., A CHILD WITH A
DISABILITY,

        *Plaintiff-Appellant-Cross-Appellee,*

    v.                            No. 23-629-cv (L)
                                             No. 23-764-cv (XAP)

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee-Cross-Appellant.*

-------------------------------------------------------------------

M.Z., INDIVIDUALLY AND ON
BEHALF OF I.T., A CHILD WITH A
DISABILITY,

        *Plaintiff-Appellant,*

    v.                            No. 23-632-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

---------------------------------------------------------------

M.D., INDIVIDUALLY AND ON
BEHALF OF MAM. D. AND MAR.
D., CHILDREN WITH A
DISABILITY,

        *Plaintiff-Appellant,*

    v.                            No. 23-633-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

---------------------------------------------------------------

E.W., INDIVIDUALLY AND ON
BEHALF OF A.G., A CHILD WITH
A DISABILITY,

        *Plaintiff-Appellant,*

    v.                            No. 23-1206-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee.*

-------------------------------------------------------------------

H.W., INDIVIDUALLY AND ON
BEHALF OF M.W., A CHILD WITH
A DISABILITY,

        *Plaintiff-Appellant*,

    v.                       No. 23-1222-cv

NEW YORK CITY DEPARTMENT
OF EDUCATION,

        *Defendant-Appellee*.

-------------------------------------------------------------------

| FOR APPELLANTS: | ANDREW K. CUDDY (Benjamin M. Kopp, *on the brief*), Cuddy Law Firm, Auburn, NY |
| --- | --- |
| FOR APPELLEE: | GEOFFREY E. CURFMAN (Richard Dearing, Rebecca L. Visgaitis, Philip W. Young, Lauren O'Brien, *on the brief*), of Counsel, *for* Muriel Goode-Trufant, Acting Corporation Counsel of the City of New York, New York, NY |

Appeal from judgments of the United States District Court for the Southern District of New York.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments of the District Court are AFFIRMED.

Plaintiffs, the parents of students with disabilities, appeal from nineteen separate judgments of the United States District Court for the Southern District of New York awarding attorneys' fees under the fee-shifting provision of the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415(i)(3)(B)(i)(I), (i)(3)(C). Plaintiffs, represented by the Cuddy Law Firm ("CLF"), prevailed in their administrative actions to enforce their children's rights under the IDEA. CLF then sought to recover fees and costs from the New York City Department of Education ("NYCDOE") under 20 U.S.C. § 1415. After failing to reach agreement with the NYCDOE, Plaintiffs sued in federal court to recover the fees. The District Court calculated a reasonable fee award in each of the actions, but Plaintiffs challenge each award on appeal. A separate opinion filed simultaneously with this summary order resolves the NYCDOE's cross appeal in *N.G.B. v. New York City Department of Education*, 23-764-cv.[1] As to the Plaintiffs' challenges, we assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

---

[1] The NYCDOE abandoned its appeal in *Y.G. v. New York City Department of Education*, 22-1184-cv. *See* Defendant-Appellee's Br. 39 n.30. It also moves to withdraw its appeal in *Y.S. v. New York City Department of Education*, 22-2068-cv. *See* Dkt. No. 93, 22-2068-cv. That motion is granted.

We review a district court's award of attorneys' fees under the IDEA using a "highly deferential" abuse of discretion standard, mindful that "the essential goal of fee shifting is to do rough justice, not to achieve auditing perfection." *H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 125 (2d Cir. 2023) (quotation marks omitted). "Abuse of discretion — already one of the most deferential standards of review — takes on special significance when reviewing fee decisions because the district court, which is intimately familiar with the nuances of the case, is in a far better position to make such decisions than is an appellate court, which must work from a cold record." *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 416 (2d Cir. 2010) (cleaned up).

Under the IDEA's fee-shifting provision, a "court, in its discretion, may award reasonable attorneys' fees . . . to a prevailing party who is the parent of a child with a disability . . . based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(B)(i)(I), (i)(3)(C). Courts calculate these fee awards by applying the lodestar method, under which "a fee award is derived by multiplying the number of hours reasonably expended on the litigation [by] a reasonable hourly rate." *H.C.*, 71 F.4th at 126 (quotation marks omitted). In

10

calculating the number of hours reasonably expended, a district court has broad

discretion to "exclude hours that are excessive, redundant, or otherwise

unnecessary," or to "deduct a reasonable percentage of the number of hours

claimed as a practical means of trimming fat from a fee application." *Id.*

(quotation marks omitted). The reasonable hourly rate "is the rate a paying

client would be willing to pay." *Id.* (quoting *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008)). It is

determined by "considering all pertinent factors," including the familiar so-

called *Johnson* factors outlined by the Fifth Circuit.[2] *See Lilly v. City of New York*,

934 F.3d 222, 230 (2d Cir. 2019) (citing *Johnson v. Ga. Highway Exp., Inc.*, 488 F.2d

714, 717–19 (5th Cir. 1974)).

Plaintiffs challenge the District Court's fee awards, asking us to assign

error to several aspects of the lodestar calculations. We fully understand the

---

[2] The *Johnson* factors are: (1) "[t]he time and labor required," (2) "[t]he novelty and difficulty of the questions," (3) "[t]he skill requisite to perform the legal service properly," (4) "[t]he preclusion of other employment by the attorney due to acceptance of the case," (5) "[t]he customary fee for similar work in the community," (6) "[w]hether the fee is fixed or contingent," (7) "[t]ime limitations imposed by the client or the circumstances," (8) "[t]he amount involved and the results obtained," (9) "[t]he experience, reputation, and ability of the attorneys," (10) "[t]he 'undesirability' of the case," (11) "[t]he nature and length of the professional relationship with the client," and (12) "[a]wards in similar cases." *Johnson*, 488 F.2d at 717–19.

11

importance of these issues to both the Plaintiffs in these cases and to CLF. But Plaintiffs fail to point to any error of law or clearly erroneous factual finding made by the District Judges in calculating the fee awards. In each case, the District Court exercised its discretion to (1) weigh the evidence submitted, including the parties' respective requested rates and hour calculations, as well as prior awards ordered in similar cases, (2) consider the relevant *Johnson* factors holistically, and (3) apply appropriate discounts and deductions. And after our own careful review of the record, we "have no basis" to conclude that any of the fee awards lie outside "the range of permissible decisions." *Lilly*, 934 F.3d at 233. Indeed, in *H.C. v. New York City Department of Education*, 71 F.4th at 126–28, our Court rejected many of the arguments advanced by Plaintiffs. Accordingly, "we are persuaded that there was no abuse of discretion in the [District Court's] calculation of reasonable attorneys' fees in each case." *Id.* at 126.

We have considered Plaintiffs' remaining arguments and conclude that they are without merit. For the foregoing reasons, and those set forth in the opinion filed simultaneously herewith, the judgments of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

12